## *In re* WEIL.

*(Supreme Court, General Term, First Department.    July 9, 1889.)*

Appeal from special-term, New York county.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ. *Charles E. Miller*, for appellants.    *George L. Sterling*, for respondents.

BARTLETT, J.    This case differs from *In re Barney*, *ante*, 401, (heard at the present term,) chiefly in the fact that no testimony has ever been taken in the proceedings, and that no order has ever been made purporting to vacate the assessment.    The conclusions reached in that matter, however, apply equally to this, and require an affirmance of the order appealed from.    All concur.

## *In re* HOFFMAN.

*(Supreme Court, General Term, First Department.    July 9, 1889.)*

Appeal from special term, New York county.

Argued before VAN BRUNT, P. J., and MACOMBER and BARTLETT, JJ. *Charles E. Miller*, for appellant.    *George L. Sterling*, for respondent.

BARTLETT, J.    No order was made in this case, subsequent to the death of the petitioner, purporting to vacate or reduce the assessment; but otherwise the facts are not materially different from those presented in *Re Barney*, *ante*, 401, (decided herewith;) and for the reasons given in the opinion in that case the order appealed from should be affirmed.    All concur.

## *In re* STEVENS' ESTATE.

*(Supreme Court, General Term, First Department.    July 9, 1889.)*

Appeal from surrogate's court, New York county.

For statement of facts see opinions on appeals from the surrogate's decree and from an order denying an application for a stay of proceedings, *ante*, 635, 638.    This appeal is from an order refusing to insert certain reservations in the decree.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John E. Burrill* and *George Zabriskie*, for appellants.    *Hoadley, Lauterbach & Johnson*, for respondent.

DANIELS, J.    It has been objected that neither this nor the other appeals (*ante*, 635, 638) should be sustained or considered by the court for the want of evidence that the order requiring the petition of appeal to be answered had been served upon Mary Fiske Paget and Arthur H. F. Paget.    But this objection has been answered by proof of the service of the order upon them being supplied.    The appeal itself, however, from this order does not require to be considered upon its merits, for on the appeal from the decree of the surrogate, and the appeal from the order denying the application for a stay, the decree has been held to be subject to such modifications as rendered the motion resulting in this order to be unnecessary.    For the reasons assigned for the disposition of the other appeals the appeal from this order should be dismissed, and from the direction given concerning costs in the other case this should be without costs.    All concur.